ALBANY.

Lewis
v.
Burr.

* 20th *March*, 1796.

(SUPREME COURT, 1796.)

Lewis *against* Burr.

THIS was an action of assumpsit, determined by
the supreme court.

The suit was by the plaintiff as indorsee, against the
defendant as indorsor, of a promissory note, made by
*Roger Enos*, to him, dated the first of *June*, one
thousand seven hundred and ninety-five, for three
thousand five hundred dollars, payable thirty days
after date. *Plea.* The *General Issue.*

The 4th of Ju-
ly is a public
holiday, a note
or bill, there-
fore falling due
on that day,
is payable on
the third of the
month.

ALBANY.

Lewis.
v.
Burr.

The special verdict finding the note and the in- dorsement of it by the defendant to the plaintiff, and then the following facts, was as follows, " that on the third day of *July*, in the year aforesaid, the said three thousand five hundred dollars, in the said note mentioned, or any part thereof, being no ways paid, the said *Francis Lewis*, by his agent, *Solomon M. Cohen*, made diligent inquiry and search for the said *Roger Enos*, in the said city and county of New-York, and especially at his usual place of abode, in the said city, to the intent to request him to pay to the said *Francis Lewis*, the said three thousand five hundred dollars, in the said note contained, according to the tenor of the same, but the said *Roger Enos*, was not then to be found, being absent from the said city and county, in parts to the jurors unknown ; that the said *Roger Enos*, continued absent from the said city and county, thenceforth, until after the fourth day of *July*, in the year aforesaid ; that the said *Francis Lewis*, not finding the said *Roger Enos*, to make the said re- quest, did, on the said third day of *July*, in the year aforesaid, by his agent aforesaid, deliver to the said *Aaron Burr*, a paper writing, subscribed with the proper hand-writing of his said agent, in the words and figures, following, to wit :

" *New-York*, 3d *July*, 1795.

" SIR—As general *Enos*, is not in town, and his note with your indorsement for 3,500 dollars, is pay- able to-morrow, the 4th inst. the holder desired me to give you this notice, that he looks to you for pay- ment of the same ; and I undertake this to prevent a protest ; general *Enos* is expected daily when he will have cash sufficient to discharge the same, as I

am credibly informed ; I hope my conduct in this business, will meet with your approbation ; which will be very pleasing to

ALBANY.

Lewis
v.
Burr.

Sir,

your most obedient servant,

SOLOMON MYERS COHEN."

" And the jurors aforesaid upon their oath aforesaid, further say, that the 4th day of *July* in each year is the anniversary day of the declaration of the independence of these *United States of America*, and for that reason is in practice, though not by law, generally observed by the citizens of this state of *New-York*, as a public festival ; and, also, that some time in the month of *May*, in the year of our lord 1784, upon the institution of the bank of *New-York*, which does no business on any 4th day of *July*, it became and since continually has been, and still is a general practice and usage in the said city of *New-York*, for the holder of a promissory note made by one person and indorsed by another, if the same become payable, allowing three days of grace, on the 4th day of *July*, in any year, to demand payment from the maker of such note, of the sum therein mentioned, on the 3d day of the same *July*, and if he refuse to pay the same, or if he cannot be found, to the end that payment may be demanded of him, and if the said holder shall be minded to look to the said indorsor for payment of the said note ; then, forthwith, that is to say, on the same 3d day of *July*, to give notice to the said indorsor, of such refusal to pay the sum mentioned, in the said note, or that the maker thereof cannot be found, to the end that payment may be demanded of him, and also, that it is the intention of the said holder to look to the said in-

ALBANY.
Lewis
v.
Burr.

dorsor for the payment of the said sum. But whether, &c.

*Per Curiam*, by BENSON, J. By our statute of the 27th *March*, 1794, " promissory notes are made assignable and indorsable over ; and an action may be maintained on them, as in cases of inland bills of exchange."

The reference to bills of exchange is contained in the English statute of the 3d and 4th Anne ; but having been omitted in the colonial statute of 1773, it was also omitted in the statute of 1788, in our revised code; the omission, therefore, in the statute of 1788, can be accounted for. But whether it was in the first instance designed or accidental in the statute of 1773, cannot be ascertained. It, however, occasioned the statute of 1794, which, it is known, was intended, and has been received and practised on in the community, as a provision, in addition or amendment of the statute of 1788, to give days of grace to promissory notes; hence it is, that they are now considered as entitled to this incident, by law. The *law*, however, does not *create* the incident ; it existed before, as appertaining to bills of exchange, and the law can only be adjudged as *constructively extending* it to promissory notes, it however existed by force of custom only ; to know, therefore, what the incident is, we still resort to custom.

Days of grace, as a general incident to bills of exchange, are by almost universal custom ; the number of days being different in different places, according to their respective laws or customs. In *England* the number is three, and wholly by custom.

There, also, if the last of the three days happens to be a day on which either the law or custom hath

established "that no money is to be paid," then the number is to be restricted to two. This is also not only wholly by custom, but is repugnant to the analogy of a rule of municipal law, by which, if an act is to be done on a day which happens to be a Sunday, or any other day on which it could not be done, without transgressing the law, that then, instead of the day *before*, it must be done on the day after; so that the regulation of restricting the period of respite in favour of the creditor, preferably to enlarging it in favour of the debtor, if it had been questioned in its commencement, I should conceive, ought to have been arrested by the courts of justice, not as inconvenient or injurious in itself, but as repugnant to the rule of law in analogous cases ; it having, however, been sanctioned by custom, it was, therefore, judicially " approved ;" *consuetudo altera lex.*

I assume it, that the custom, as it existed in *England* at the time of our revolution, was deemed, in fact, to be the custom among us, and entitled to prevail. In addition to the custom, as it then existed, the special verdict finds a continued custom from the month of *May*, 1784, hitherto for another day, besides Sunday, &c. when the restriction of the number of days of grace is to take place, namely, the anniversary of our independence. The question, therefore, between the parties is, whether the custom is not, in this particular, also equally entitled to prevail ? with respect to which, I would briefly state that, whenever a practice, usage or custom hath obtained, for a length of time, so as that it may be presumed to be generally known ; that then, all contracts to which it may be applicable, shall be inter-

preted and governed by it. This principle is not new; we practise on it daily. Where the contract is not special or explicit, so as to exclude construction, the inquiry always is, what is usual? Lest I may be misunderstood, I would mention, that I mean such practices, usages, or customs only, as may consist with law; that I decide only on their force or autho-rity, admitting the object of them to be lawful.

I am of opinion, that the note in question is to be adjudged as having fallen due on the 3d day of *July*, the *second* day of grace, and, consequently, that the plaintiff is entitled to recover.